IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALAN ALLBRITTEN, | : |
| Plaintiff, | : |
| v. | :    CA 16-00053-CG-C |
| BISHOP STATE COMMUNITY COLLEGE, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1). The Plaintiff initiated this action on February 3, 2016 claiming that he is "owed unpaid overtime compensation, in excess of $50,000.00, pursuant to violations of the Fair Labor Standards Act." (Doc. 1 at 2). On April 21, 2016, the Defendant filed the Motion to Dismiss (Doc. 8) requesting this Court to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On May 19, 2016, Steven L. Terry, counsel for the Plaintiff, informed the Court via telephone that the Motion to Dismiss is well taken and that the Plaintiff does not oppose the dismissal of this action.

The undersigned must first determine whether the Court has jurisdiction to hear this action and, thus, will begin by considering the Defendant's FED. R. CIV. P. 12(b)(1) argument. Upon consideration of the Motion to Dismiss, the undersigned finds that the Defendant, as an arm of the state, is entitled to Eleventh Amendment sovereign immunity from this suit brought pursuant to the Fair Labor Standards Act. *See Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1327-28 (M.D. Ala. 2013) (holding that Auburn University Montgomery is an arm of the state and enjoys sovereign immunity under the Eleventh Amendment); *Morris v. Wallace Cmty. College-Selma*, 125 F.

Supp. 2d 1315, 1335-36 (S.D. Ala. 2001) (holding that the George Wallace Community College is an arm of the state and is entitled to Eleventh Amendment immunity); *Stallworth v. Ala. Dep't of Mental Health & Mental Retardation*, 801 F. Supp. 2d 1231, 1233 (M.D. Ala. 2011) (citing *Powell v. Fla.*, 132 F.3d 677, 678 (11th Cir. 1998) ("The Eleventh Circuit has held that a state is entitled to immunity against private suits for damages brought pursuant to the FLSA.").  Therefore, the undersigned finds that this Court does not have subject matter jurisdiction to hear this action and the Motion to Dismiss should be granted pursuant to FED. R. CIV. P. 12(b)(1)**.**  Accordingly, it is not necessary for the undersigned to address the Defendant's FED. R. CIV. P. 12(b)(6) argument, and it is **RECOMMENDED** that the Court **GRANT** the Motion to Dismiss and **DISMISS** this action pursuant to FED. R. CIV. P. 12(b)(1).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 23rd day of May 2016.

                    s/WILLIAM E. CASSADY
                     **UNITED STATES MAGISTRATE JUDGE**